05-24-00275-CV

FILED
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY, TEXAS

2024 MAR -8 PM 4: 02

CAUSE NO. CC – 23 – 07052 – B

INFINITY HOMES INC.
Plaintiffs

VS.

BRADY BRINKMAN

& ALL OTHER OCCUPANTS

Defendants

IN DALLAS COUNTY COURT OF
LAW NO. 2

DALLAS COUNTY, TEXAS

### NOTICE OF DEFENDANT FILING;

### CLAIMING

### 'RESTRICTED APPEAL'

I, BRADY BRINKMAN, HEREIN CLAIM A restricted appeal, I attack the judgment itself, by asserting that the default judgment was not supported by the law or facts alleged by the plaintiff.

Additionally, appeals must be brought by a named party in the lawsuit. Most importantly, the party bringing the claim could not have participated in the lawsuit, responded to the complaint, or made an appearance. Lastly, the basis for the restricted appeal must be apparent from the face of the record.

1)  THE existing Default Judgement claims defendant, was present at the hearing, made arguments and was considered by the Judge, and was ruled against.
    Under those circumstances, a Default Judgement would not be possible.

But the The Defendant was late to the hearing by 45min., but had called BEFORE the time of the hearings beginnings and made it clear, hardship had occurred, procedures were enacted to mitigate the delay, and told the Court Clerk defendant was on the way, will be late.

2)  No Defense Manpower Data Center (DMDC) printout as an exhibit to the nonmilitary affidavit. Here is the URL for the website to obtain a printout of your verification of military service for an individual defendant https://www.dmdc.osd.mil/appj/scra/single_record.xhtml.

3)  Improper and/or incomplete service which jeopardizes DUE PROCESS.

UPON arrival, there was no clear Docket listing defendants Name, a court clerk had to be tasked with finding the location of the hearing. The Court, being told that upon arrival, later in the month

Filed a Dec. 2023 Notice of Hearing, mailed the same day as the Hearing, as evidence to Docket.

In this small amount of time, even after a message to the court clerk, the case was heard, and with defendant on a rush to appear, the time being late was used to enter a default judgement, rather than giving Brinkman time to arrive as is normal with LAWYERS who may be arriving from an earlier court hearing from another County or City. This constitutes bias.

THIS addition to the case file, labeled Docket appears to be, a fraudulent attempt to cover the failure to disclose the location of the hearing, having the result of defendant being 45 min. late.

But appearance was completed. Judge did not allow Defendant to give any Oral argument, stating he had ruled in favor of a DEFAULT JUDGEMENT, and it was over.

The Fact that defendant did appear the day and within the hour of the set Hearing, restricts the courts ability to claim a DEFAULT JUDGEMENT.

UNDER TEXAS CIVIL RULES AND PROCEDURES; 503.2b states;

**(b)**_Appearance_. If a defendant files an answer or otherwise appears in a case before a default judgment is signed by the judge, the judge must not enter a default judgment and the case must be set for trial as described in Rule 503.3.

**To this late date 3/7/2024 No Default Judgement has been signed by any Judge.**

Under the rule specifications, this Cause Number, the Default Judgement should be VACATED.

THIS IS DEFENDANTS PLEADING IN THIS DOCUMENT, TO SET ASIDE, VACATE THIS DEFAULT JUDGEMENT DUE TO MISTAKES IN THE LAW AND FRAUD BY PLAINTIFF.

4) BRADY BRINKMAN claims the need for relief and Compensation for maintaining the property for 5+ years. To simply mow the lawn in that time period reasonably would be a $15,000.00 COST.

Brady Brinkman had been in possession of the property for over 3 years when he had his first conversation with Richie, the Plaintiff main actor in this cause. Brady had told Richie that he himself had claims on this property due to the unpaid compensation by the original person, who requested the caretaking duties. That person died and did not compensate Brady accordingly.

Richie said, he did want to create any hardship, and would be willing to compensate Mr. Brinkman,

When he purchased the property. The agreed Sum was $6,000.00, but instead an Eviction was filed, ending in Brady Brinkman in a court ordered facility. The court found that Brady Brinkman should retain Possession, because the Plaintiffs could not produce documents of Ownership.

A SECOND eviction was filed by a real estate law firm, which conveyed ownership, by filing a Warranty Deed, a Brief that argued foregoing a Probate action, and filing a Document paying

$10.00 to capture conveyance over property.

After this was complete, the firm promptly filed an Eviction against Brady Brinkman, where

The Justice Court altered the Petition, ambushed Brady Brinkman, and stonewalled Brady Brinkman to a Ruling for the Plaintiff. This led to a Brady Brinkman Appeal, but the Plaintiff, sales the property to the current owner before filing and executing the Writ of Possession.

Dallas Code Enforcement arrived at the property with 4 uniformed officers, and entered the premises with no official instrument, forced people to leave, claimed they were boarding the property up, and stood by as Code Enforcement destroyed no less than $10,000.00 of Brady

Brinkman personal property. This action appears to be planned by these agencies and the current owner, the Plaintiff in this case. These were clear Color of Law Violations, and Brady Brinkman holds the Plaintiff responsible for these circumstances, because during the last eviction from this point in time, the Plaintiff spoke of a Code Enforcement backed plan to settle this legal battle, AND THE NEW OWNER, appears to have executed the plan. These actions require relief from destruction of private property, mental anguish, psychological states of fear and paranoia generated from this State sponsored terror campaign. Brady Brinkman stopped this action by contacting the Mayor of Dallas and asked for an emergency order to cease these actions, a immediate response to these activities. This stopped the action, but not before severe loss to defendant in this cause. As time goes by, another Color of Law violation was committed, by Code Enforcement personal, when they arrived in the street in front of property, 2 vehicles, where Code Enforcement personal came to the door, knocked on it, when Brady Brinkman answered the door, the Code Enforcement personal, explained, the contractors for the owner, had applied for a Demolition permit on the 2 properties, and he would have to evacuate the residence because the permits for demolition had been approved. This was an act of Psychological warfare. It was not true, they had no right to force him out, and demo the residence.

Code Enforcement had NO business being at that property at that moment. Its Dallas Building Inspection that has control of these activities of a General Contractor, not Code Enforcement. This was an egregious, manipulated effort, to by pass due process by deceiving Mr. Brinkman about the facts of the circumstance. Dallas Police Department officer had to arrive to investigate the situation and explained to Code Enforcement that they did not have proper authority to remove Brady Brinkman.

This brief does not constitute the totality this Plaintiff, his racketeering efforts, conspiring with Dallas Code enforcement personal, Dallas Police dept. personal assigned to a justice court, and has at this moment gone to the City of Dallas City Attorneys, to agree and concede to the false, trumped up, exaggerated need to demolish this residence, and thereby remove Brady Brinkman at all costs, regardless of the hardship this will place on the Defendant. This reality casts a suspicious light on these proceedings, the apparent bias from the Justice over this cause, the apparent motion to withdraw from prosecuting this cause by Plaintiffs Legal representative.

This request to consider the overturning of a Default Judgement in this action, is reasonable, and is a requirement to allow Brady Brinkman to gain some relief from Plaintiffs relentless pursuit to take possession of a property, at all costs, regardless of past agreements with defendant, with no remorse or offer to compensate injury to defendants personal property or peace of mind.

In the Interests of the Integrity, peace and dignity of the State of Texas, this pleading should be promptly accepted, and a New Trial Date for a comprehensive Hearing of the issues in this situation.

_____ DATE 3-8-24

SUBMITTED ON 3/7/2024 BY

DEFENDANT BRADY BRINKMAN PRO SE

bradybrinkman596@gmail.com